IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MILLER'S FURNITURE OF MERCER COMPANY, A PENNSYLVANIA CORPORATION, INDIVIDUALLY AND AS THE REPRESENTATIVE OF A CLASS OF SIMILARLY-SITUATED PERSONS;<br><br>Plaintiff,<br><br>vs.<br><br>BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, DJM ADVISORY GROUP, LLC, DONALD QUIRKE, JOHN DOES 1-12,<br><br>Defendants. | 2:17-CV-00557-MRH<br><br>MAGISTRATE JUDGE LENIHAN<br>ECF Nos. 2, 26 |

Memorandum Opinion

Simultaneous with the filing of the Class Action Complaint in this matter, Plaintiff has filed a Motion for Class Certification. ECF No. 2. DJM Defendants filed a Response in Opposition on May 22, 2017, arguing that the Motion was premature. ECF No. 18. On May 31, 2017 the undersigned held a status conference to discuss the Motion to Stay, Transfer or Dismiss. ECF No. 16. During this conference the Court asked Plaintiff's counsel to withdraw his Motion for Class Certification as it was premature. Counsel advised that he was protecting his class representatives from being "picked off" by Defendants. He asked Defense counsel if he would agree not to do this. Counsel declined.

On June 9, 2017 Plaintiff filed a Motion to Postpone Briefing on Class Certification. ECF No. 26. In said motion Plaintiff again asserted that the motion was filed to protect the class. Plaintiffs relied on *Gomez v. Campbell-Ewald Co.*, 136 S. Ct. 663 (2016). In that case the

defendants filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68, offering to pay the proposed class representative his costs, excluding attorney's fees and all damages due and owing under the Telephone Consumer Protection Act, 47 U.S.C. § 227 under which the case was filed. Gomez did not accept the offer and allowed the Rule 68 submission to lapse. Defendants argued that the Rule 68 offer rendered Gomez's individual claim moot, and because he had not previously moved for class certification, the putative class claim was also moot. The Supreme Court granted certiorari to resolve a dispute among the circuits as to whether an unaccepted Rule 68 offer can moot a plaintiff's claim. The Court adopted Justice Kagan's analysis in her dissent in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), and held that "Gomez's complaint was not effaced by Campbell's unaccepted offer to satisfy his individual claim." 136 S. Ct. at 665.

The *Gomez* decision noted that its ruling that an unaccepted settlement offer of judgment does not moot a plaintiff's case was sufficient to the issue before it, and it therefore need not decide the "hypothetical question" of whether a different result would obtain if "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672. The Plaintiff herein relies on this distinction for its early Motion for Class Certification. The Court of Appeals for the Seventh Circuit has, however, recently held that a putative class action over unauthorized faxes cannot be mooted by the deposit of an unaccepted settlement offer with the Court, finding "no principled distinction" between such Rule 67 circumstances and those found insufficient to moot an action under the Supreme Court's decision in *Gomez*. *Fulton Dental, LLC v. Bisco, Inc.*, 16-CV-3574 (7th Cir., June 20, 2017). Accordingly, the Court finds that Plaintiff is being overly cautious and the Motion for Class Certification is premature.

The Third Circuit, in *Richardson v. Bledsoe*, 829 F.3d 273 (3rd Cir. 2016) provided an excellent overview of the progression of the law regarding "picking off" class members prior to class certification. It expressly observed the problematic nature of plaintiffs in putative class actions across the country filing "premature" motions for class certification, stating: "[t]hese placeholder motions 'come[] with a cost,' as they burden[] the Court with an obviously premature motion that is devoid of content and the motion remains on the Court's docket as pending, which is reflected on the Court's reports for an unspecified period of time." *Richardson*, 829 F.3d at 284 (citing *Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 679). The Court of Appeals specifically directed that its ruling was meant to discourage premature motions (such as the one filed here) because a plaintiff is not at risk of having his claim mooted while the factual development of a class claim is taking place. *Id.* This observation is appropriately raised by Defendants herein.

For the reasons set forth above, the Court finds that the Motion for Class Certification is premature and should be denied without prejudice to refile at the appropriate juncture in the case. Therefore, this 23rd day of June, 2017

**IT IS HEREBY ORDERED** that the Motion for Class Certification, ECF No. 2, is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Motion to Postpone Briefing on Class Certification, ECF No. 26, is **DENIED** as moot;

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected

to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge